# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES, aka JACKSON MALLOY, CDCR #K-86989; AZ Inmate No. 197067,<br><br>                                     Plaintiff,<br><br>vs.<br><br>NARCOTICS AGENTS, et al.,<br><br>                                     Defendants. | Civil No.    07-1717 IEG (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc No. 2]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a former California state inmate currently incarcerated at the Arizona State Prison Complex in Florence, Arizona, and proceeding pro se, has filed a civil rights Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.  Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

### I.    Motion to Proceed IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

///

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

1  The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II. Application of 28 U.S.C. § 1915(g)

The Court notes as an initial matter that Plaintiff claims, among other things, that he is "blind in one eye," and is being discriminated against in various ways by Arizona State Prison officials in Florence, Arizona, where he is currently incarcerated. (Compl at 3.) While his claims are difficult to decipher, the Court has reviewed the Complaint and has ascertained that it alleges no facts which suggest Plaintiff is presently facing any "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Hines v. City of San Diego Police Dep't*, Civil Case No. 00-0969 K (LAB) (S.D. Cal. June 21, 1999) (Order

1 | dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) &
2 | 1915A(b)(1)) (strike one); *Malloy v. Kowolski*, Civil Case No. 00-1186 W (LAB) (S.D. Cal.
3 | June 30, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C.§ 1915(e)(2)(B))
4 | (strike two); *Hines v. Hissong*, Civil Case No. 00-1177 JM (NLS) (S.D. Cal. July 14, 2000)
5 | (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (strike three);
6 | *Malloy v. Corcoran Prison*, Civil Case No. 00-5660 REC (DLB) (E.D. Cal. Sept. 25, 2000)
7 | (Order dismissing complaint as frivolous) (strike four); *Hines v. Jaffe*, Civil Case No. 00-2078
8 | W (CGA) (S.D. Cal. Nov. 7, 2000) (Order dismissing complaint as frivolous) (strike five);
9 | *Malloy v. Galaza*, Civil Case No. 00-5647 AWI (HGB) (E.D. Cal. Dec. 13, 2000) (Order
10 | dismissing action for failing to state a claim) (strike six); and *Malloy v. Corcoran Prison*, Civil
11 | Case No. 99-6647 REC (SMS) (E.D. Cal. Dec. 15, 2000) (Order dismissing complaint as
12 | frivolous and for failing to state a claim) (strike seven).

13 | Accordingly, because Plaintiff has, while incarcerated, accumulated more than three
14 | "strikes" pursuant to § 1915(g), and fails to allege facts which show he is under imminent danger
15 | of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See*
16 | *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners
17 | from accessing the courts; it only precludes prisoners with a history of abusing the legal system
18 | from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d
19 | 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and
20 | not right.").

21 | **III.   Conclusion and Order**

22 | For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed
23 | *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 2], and **DISMISSES** this action
24 | without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.
25 | Plaintiff is once again reminded that he may no longer proceed IFP in any federal district or
26 | appellate court pursuant to 28 U.S.C. § 1915(a) while he is incarcerated unless he is in
27 | "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).
28 | / / /

1 | Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken
2 | "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S.
3 | 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is
4 | permitted to proceed IFP on appeal only if appeal would not be frivolous).
5 | The Clerk shall close the file.
6 | **IT IS SO ORDERED.**

**DATED: September 5, 2007**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**